*590 OPINION of the Court, by
Judge Boyle.-
Strong filed hia bill in chancery against Greenup and William Duval, heir at law to Samuel P. Duval, to obtain a conveyance for certain houses and lots in the town of Dan-ville, the legal title whereof is vested in Greenup.
The bill asserts that Samuel P. Duval purchased of Greenup the houses and lots in question, and agreed to give in payment therefor a judgment or demand on a certain Thomas Butler, or some other person in Virginia, to the amount of four hundred pounds, and a credit for one hundred and fifty pounds in the accounts of a partnership which then existed between Greenup and said Duval, which payments are alleged to have been accordingly made by Duval; that, subsequently thereto, Strong purchased the premises of Duvai, who signed a written memorandum of their agreement, with which Strong has fully complied on his part; that Greenup, knowing of Strong’s wish to purchase, encouraged him to enter into the agreement, by inducing him to believe that Duval’s title was good and indefeasible, and by holding out an idea that he would consummate any sale, made by Duval; that Greenup, knowing of, and consenting to the agreement between Strong and Duval, did, when about to remove from Danville to the neighborhood of Frankfort, deliver possession of the prenji- *591 ses to Strong, in pursuance of his agreement with Du-val; and that Duval has since departed this life, leaving William Duval, his father, heir at law, who is made a defendant, and prayed to join with Greenup in a con-r , r / J r veyance of the premises.
Griínv* Stro'no.
Greenup, by his answer, alleges that S. P. Duval, about 1796 or 1797, made a verbal olfer to purchase his houses and lots and ground in and adjoining to the town of Danville, for which he proffered to give a bond on Colonel Mead, amounting, as he was informed by-Duval, to considerably above four hundred pounds, and also one hundred and fifty pounds in money, or so much as would make up the whole to six hundred pounds; that he agreed to accept the offer, provided he could get the bond on Mead in a short time, and the balance in the course of that year, but that he was not to convey the premises until he was paid ; and that there was no memorandum in writing, or witness called to verify their agreement. He denies that he ever received the bond upon Mead, or any compensation therefor ; or that the balance has in any way been paid. As to the credit on their partnership accounts, he denies that such a credit was ever given, or that he was to receive payment in that way, as Duval owed him largely on that account. He expressly denies that he encouraged Strong to make the purchase of Duval, or that he gave him any assurances that he would convey the title to him in case he should purchase.
The cause being set for trial as to Greenup, the court below, on a final hearing upon bill, answer and deposition, decreed that Greenup should convey the houses and lots in question to Strong ; to which decree Green-up prosecutes this writ of error.
It is now contended, by the assignment of errors, that the decree of the inferior court is erroneous, 1st. because there is no evidence that Duval has paid the purchase money to Greenup ; and 2dly. because the agreement between Duval and Greenup, not being reduced to writing and signed by them, is not binding in law, and cannot be enforced.
In deciding upon the first point it is immaterial whether we consider that there was an express stipulation in the contract that the payment of the purchase money should be a precedent condition upon which the con *592 veyance was to be made or not; for however indepen-* dent the parts of an agreement may appear, yet neither party can in equity compel the execution of the contract on the part of his adversary, without shewing an actual performance on his part, or a tender and refusal.
There is no evidence in the cause that warrants the slightest presumption that the whole of the purchase money has been paid. The only proof of payment is the deposition of a witness, who swears that he saw an entry, in the hand writing of Greenup, in the books of the partnership between Greenup and Duval, in which Duval was made debtor to Greenup for one hundred and fifty pounds, part of the price of said property. This fact having been charged in the bill, and expressly denied by the answer, the testimony of a single witness, unsupported by corroborating circumstances, does not seem to furnish a ground upon which a court of chancery could found a decree. But were the evidence conclusive as to the payment of the 150 pounds, still Strong could have no right to demand in a court of equity the specific execution of the contract on the part of Greenup, unless he had shewn that the residue of the price had been paid, or that Greenup had waived or abandoned his right to insist upon its payment before he should be compelled to convey. It is not pretended that Greenup, by any express agreement with Strong, has waived his lien upon the lots in question for the payment of the purchase money ; but it is suggested in the bill, and was urged in argument at the bar, that he had forfeited his lien by his fraudulent conduct towards Strong.
Had fraud been established, the conclusion attempted to be deduced from it might be admitted. But the record affords no evidence of fraud. The charge of having encouraged Strong to enter into the agreement with Duval, by giving assurances that Duval’s title was good, and that the conveyance should be made to whomsoever Duval might sell, is unequivocally negatived by the answer, and is wholly unsupported by any testimony in the cause. In fact, there is not even a shadow of proof that Strong was deceived with respect to the true situation of the title, and without such deception there could be no fraud.
The delivery of possession to Strong cannot be construed into a renunciation of Greenup’s right to retain *593 the legal title until the purchase money should be paid. The most that can lationally be inferred from that circumstance is? that Greenup was willing to effectuate the agreement on his part, when it should be performed on the part of Duval. Indeed, his withholding the conveyance when he delivered possession and was about to remove to a distant part of the country, must have been a clear intimation to Strong of his determination to retain the legal title until the purchase money was paid ; and Strong not having insisted upon the conveyance, is an implied acknowledgment that he had at that time no right to demand it.
Upon the whole, we can see no ground for imputing to the conduct of Greenup, in relation to Strong, fraud, disingenuousness or dishonesty ; or for inferring that he has in any way abandoned or relinquished the right of insisting upon the payment of the purchase money before he should be compelled to convey the legal title of the houses and lots in question. •
The decree of the inferior court being clearly erroneous upon the first point made by the assignment of errors, it becomes unnecessary to examine or decide upon the second.-Decree reversed.